UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY J. SILVERIA,<br><br>  Plaintiff,<br><br>  v.<br><br>ROBERT WILKIE, et al.,<br><br>  Defendants. | No. 2:18-cv-412-TLN-KJN PS<br><br><br>ORDER |

Presently pending before the court is a motion to dismiss on various grounds filed by defendant Robert Wilkie, Secretary, U.S. Department of Veterans Affairs. (ECF No. 18.) Plaintiff Anthony Silveria, proceeding without counsel, opposed the motion, and defendant filed a reply brief. (ECF Nos. 21, 24.)[1] For the reasons discussed below, the court GRANTS IN PART defendant's motion and TRANSFERS the action to the Northern District of California.

In short, plaintiff, a former employee of the United States Department of Veterans Affairs ("VA") in Oakland, California, alleges that he was improperly removed from his position on June 29, 2014, because the VA discriminated against plaintiff based on his mental disability. Plaintiff

---

[1] The motion was submitted for decision without oral argument on the record and written briefing pursuant to Local Rule 230(g). (ECF No. 23.)

1

filed the instant action on February 23, 2018, alleging claims under the Americans with Disabilities Act and other federal laws. The operative first amended complaint, filed on May 11, 2018, names the current Secretary of the VA, as well as three of plaintiff's former supervisors based in Oakland, California.

As a threshold matter, defendant contends that the action should be dismissed for improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3). That argument has merit.

Although plaintiff asserts an ADA claim, the Rehabilitation Act, and not the ADA, applies to federal agencies. See, e.g., Enica v. Principi, 544 F.3d 328, 338 n.11 (1st Cir. 2008). "Employment discrimination claims under the Rehabilitation Act are governed by Title VII's venue provision, 42 U.S.C. § 2000e–5(f)(3)." Kunamneni v. Gutierrez, 2009 WL 1068891, at *1 (N.D. Cal. Apr. 21, 2009) (citing Bolar v. Frank, 938 F.2d 377, 377–78 (2d Cir. 1991)). Section 2000e-5(f)(3) provides:

> Such an action may be brought in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office.

42 U.S.C. § 2000e–5(f)(3).

Here, plaintiff admits that the alleged unlawful employment practice occurred at the VA's Regional Office in Oakland, where he and the three supervisors named as defendants in the complaint worked, and which is located in the Northern District of California. Indeed, plaintiff moved to Sacramento only at some point after his termination. Plaintiff also concedes that his records are kept at the VA's Regional Office in Oakland. Plaintiff's only potentially colorable argument is that he made a request to transfer to Sacramento in 2013, which was denied, positing that he would have worked in Sacramento but for the denial of the transfer. However, based on the limited record before the court, it is far from clear that the denial was an unlawful employment practice or was even part of plaintiff's discrimination claim in the underlying proceedings before the Merit Systems Protection Board ("MSPB") or the Equal Employment

Opportunity Commission ("EEOC"). Indeed, the final decision by the EEOC, which advised plaintiff of his right to file a civil action in federal district court, references only plaintiff's "claim that the Agency discriminated against him on the bases of disability (mental) and reprisal when he was removed from his position on June 29, 2014." (ECF No. 7 at 10.) As such, plaintiff has not adequately demonstrated that he would have worked in Sacramento but for an alleged unlawful employment practice by the VA. Piedmont Label Co. v. Sun Garden Packing Co., 598 F.2d 491, 496 (9th Cir. 1979) (noting that a plaintiff has the burden of showing that venue is proper in the applicable district). Finally, plaintiff's remaining arguments for venue in the Eastern District of California are so insubstantial and unsupported as to not warrant further discussion.

Having concluded that plaintiff failed to adequately show that venue is proper in the Eastern District of California, the court declines to reach defendant's remaining asserted bases for dismissal. The only question remaining is whether the action should be dismissed without prejudice or transferred to the Northern District of California. See 28 U.S.C. § 1406(a) ("The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."). Although defendant requests dismissal, the court finds that transfer is more appropriate in this case. Plaintiff, as a *pro se* litigant, was likely unaware of the procedural complexities of venue and largely motivated by a desire to have his case heard in the court closest to where he presently lives. As such, having to repay the filing fee for a new action in the Northern District appears unwarranted. Furthermore, it is unclear (and the court makes no finding) whether dismissal would have any effect on plaintiff's ability to file a new action in light of any applicable statutes of limitation. Therefore, the court concludes that transfer is more appropriate.

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant's motion to dismiss (ECF No. 18) is GRANTED IN PART based on improper venue.
2. This action is TRANSFERRED to the United States District Court for the Northern District of California.

3

3. This order is without prejudice to defendant's right to file an appropriate responsive motion or pleading in the Northern District of California, and the court expresses no opinion on the merits of plaintiff's substantive claims.

4. The Clerk of Court shall close this case.

Dated: November 29, 2018

*/s/ Kendall J. Newman*
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE